IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF JEFFREY P. AYLWARD, BAR NO. 7943.

No. 73662

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation that this court suspend attorney Jeffrey P. Aylward from the practice of law for one year based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation) and RPC 8.4 (misconduct) with that suspension to run concurrently with a three-year suspension imposed by this court on October 21, 2016. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of demonstrating by clear and convincing evidence that Aylward committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In

18-05462

contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The violations in this matter as set forth in the formal complaint concern Aylward's representation of a client in a civil action. The client paid Aylward $3,000 to represent him in a loan dispute matter, but Aylward did not file anything on the client's behalf and a $14,897 judgment was entered against the client. Despite the client's numerous attempts to contact Aylward, Aylward stopped communicating with the client after accepting his money. After seeking to set aside a default concerning the bar complaint, Aylward filed an answer, but he thereafter failed to appear at two status hearings and the formal disciplinary hearing, despite having been notified of the dates and times for those proceedings. The admitted exhibits included a hearing packet containing the complaint; Aylward's motion to set aside the default; Aylward's answer; notices and scheduling orders; an affidavit of Aylward's disciplinary history, which is as reflected in this court's October 21, 2016, in Docket No. 71049, order; and a copy of a satisfaction of judgment showing that the client paid the $14,897 judgment. The client testified regarding Aylward's representation of him, which supported the complaint's allegations concerning Aylward's professional misconduct.

The panel found that Aylward violated RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), and RPC 8.4 (misconduct). We defer to the hearing panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Aylward violated the above listed rules.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

The record supports the panel's determination that Aylward knowingly violated duties owed to his client (diligence, communication, fees, and declining or terminating representation) and the legal profession (misconduct). The client was harmed because he received no legal service for his $3,000, he was unable to timely retain another attorney to defend him in the action, and he lost the action resulting in a judgment against him of $14,897. The panel found and the record supports five aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law) and one mitigating circumstance (mental disability or chemical dependency).[1]

Considering all of these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when . . . a lawyer

---

[1]Aylward's motion to set aside the default explained that he suffered from a serious medical condition, prescription drug dependency, depression, and personal issues around the time he was representing the client whose grievance was addressed in the underlying disciplinary proceeding and the clients whose grievances were addressed in the prior disciplinary matter.

knowingly fails to perform services for a client and causes injury or potential injury to a client."). Because the three-year suspension in *In re Discipline of Aylward*, Docket No. 71049 (Order of Suspension, Oct. 21, 2016) was imposed for similar rule violations, close in time to the conduct at issue here, we agree that the one-year suspension in this matter should run concurrent with the suspension in Docket No. 71049, and that the concurrent suspensions will serve the purpose of attorney discipline.

Accordingly, we hereby suspend Jeffrey P. Aylward from the practice of law in Nevada for one year to be served concurrently with the three-year suspension imposed in Docket No. 71049. Within 60 days from the date of this order and as a condition precedent to reinstatement, Aylward shall reimburse the Client Security Fund $3,000. Additionally, Aylward shall pay $2,500 in costs under SCR 120 within 30 days from the date of this order. The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                   Gibbons

_____, J.          _____, J.
Pickering                                Hardesty

_____, J.          _____, J.
Parraguirre                              Stiglich

cc: Chair, Southern Nevada Disciplinary Panel
Law Offices of Jeffrey P. Aylward, Esq., LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court